FILED

2017 FEB 13 PM 4:03

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Darrell Pickett, *on behalf of himself and others similarly situated,*

Plaintiff,

v.

Capital One, N.A.,

Defendant.

Case No. 6:17-CV-260-ORL-31-GJK

CLASS ACTION COMPLAINT

Jury Trial Demanded

## Nature of this Action

1. Darrell Pickett ("Plaintiff") brings this class action against Capital One, N.A. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to numbers assigned to a cellular telephone service, without prior express consent—in that it calls wrong or reassigned cellular telephone numbers that do not belong to its customers.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

4. Venue is proper before this Court under 28 U.S.C. § 1391(b) as Plaintiff resides in this district, the acts and transactions giving rise to Plaintiff's action occurred, in part, in this district, and as Defendant transacts business in this district.

## Parties

5. Plaintiff is a natural person who at all relevant times resided in Orlando, Florida.

6. Defendant is a national bank headquartered in McLean, Virginia.

## Factual Allegations

7. Months after Plaintiff obtained a new cellular telephone number—(407) 545-XXXX—Defendant began placing calls to it.

8. Defendant placed at least one call to Plaintiff's cellular telephone number on April 8, 2016, May 14, 2016, May 21, 2016, May 25, 2016, June 25, 2016, July 6, 2016, and July 14, 2016.

9. Upon information and good faith belief, Defendant placed additional calls to Plaintiff's cellular telephone number.

10. Defendant placed some, if not all, of its calls to Plaintiff's cellular telephone number from (800) 946-0332—a phone number assigned to Defendant.

11. On at least one occasion, Defendant called Plaintiff's cellular telephone number and left a voice message asking for someone other than Plaintiff, and unknown to Plaintiff.

12. On at least one occasion, Plaintiff answered a call from Defendant on his cellular telephone and told Defendant's representative that Defendant was calling the wrong number, and to stop calling his cellular telephone.

13. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

14. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers.

15. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

16. Plaintiff is not, nor was, one of Defendant's customers.

17. Plaintiff does not have, nor had, a business relationship with Defendant.

18. Plaintiff did not provide Defendant with his cellular telephone number.

19. Plaintiff did not give Defendant prior express consent to place calls to his cellular telephone number by using an automatic telephone dialing system.

20. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

21. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

22. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

23. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number.

24. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place the calls at issue to Plaintiff's cellular telephone number.

25. Upon information and good faith belief, Defendant maintains business records that show all calls it placed to Plaintiff's cellular telephone number.

26. Plaintiff suffered actual harm as a result Defendant's calls in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

27. As well, Defendant's calls at issue depleted or consumed, directly or indirectly, cellular telephone minutes for which Plaintiff paid a third party.

28. Moreover, Defendant's calls at issue unnecessarily tied up Plaintiff's cellular telephone line.

29. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system to place calls to telephone numbers assigned to a cellular telephone service.

## Class Allegations

30. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons and entities throughout the United States (1) to whom Capital One, N.A. placed, or caused to be placed, calls in connection with its automobile financing business (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) during the four years preceding the date of this complaint through the date of class certification, (5) absent prior express consent—in that the called party was not the intended recipient of the call.

31. The proposed class specifically excludes the United States of America, the State of Florida, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eleventh Circuit, the Justices of the United States Supreme Court, any entity in which Defendant has or had a controlling interest, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

32. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

33. The exact number of the members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

34. The members of the class are ascertainable because the class is defined by reference to objective criteria.

35. In addition, class members can be identified because, upon information and belief, their cellular telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

36. There exists a well-defined community of interest in the questions of law and fact

that affect the members of the class.

37. Plaintiff's claims are typical of the claims of the members of the class.

38. As it did for all members of the class, Defendant used an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number, without prior express consent, and in violation of 47 U.S.C. § 227.

39. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice and procedure on the part of Defendant.

40. Plaintiff's claims are based on the same theory as are the claims of the members of the class.

41. Plaintiff suffered the same injuries as each of the members of the class.

42. Plaintiff will fairly and adequately protect the interests of the members of the class.

43. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

44. Plaintiff will vigorously pursue the claims of the members of the class.

45. Plaintiff has retained counsel experienced and competent in class action litigation.

46. Plaintiff's counsel will vigorously pursue this matter.

47. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

48. Questions of law and fact common to the members of the class predominate over questions that may affect individual class members.

49. Issues of law and fact common to all members of the class are:

a. Defendant's violations of the TCPA;

b. The existence of Defendant's identical conduct;

c. Defendant's use of an automatic telephone dialing system as defined by the TCPA;

d. Defendant's practice of calling wrong or reassigned cellular telephone numbers: and

e. The availability of statutory penalties.

50. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

51. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

52. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

53. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

54. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

55. The damages suffered by each individual member of the class may be relatively small; thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

56. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

57. There will be little difficulty in the management of this action as a class action.

58. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**

59. Plaintiff repeats and re-alleges each and every factual allegation included in paragraphs 1 through 58.

60. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to Plaintiff's cellular telephone number, absent prior express consent.

**Trial by Jury**

61. Plaintiff is entitled to, and demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing to place telephone calls to Plaintiff's cellular telephone and to the cellular telephones of all class members without express consent;

f) Awarding Plaintiff and the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

Date: February 8, 2017

*/s/ Jesse S. Johnson*

Michael L. Greenwald
James L. Davidson
Jesse S. Johnson (Trial Counsel)
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Tel: (561) 826-5477
Fax: (561) 961-5684
mgreenwald@gdrlawfirm.com
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com

Aaron D. Radbil
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
Phone: (512) 322-3912
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

Counsel for Plaintiff and the proposed class